**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daryl WHITE, Defendant–Appellant.**

No. 05–50702.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided March 7, 2006.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. *Attorney's Office*, San Antonio, TX, for Plaintiff–Appellee.

Allen R. Stroder, Hirsch & Stroder, Odessa, TX, for Defendant–Appellant.

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM: *

Daryl White appeals his conviction for aiding and abetting in the possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. He argues that the evidence was insufficient to support his conviction.

█ The denial of a motion for a judgment of acquittal is reviewed de novo. *United States v. Ferguson,* 211 F.3d 878, 882 (5th Cir.2000). The evidence demonstrated that White aided the criminal venture by transporting Camille Wilkins to an apartment complex to distribute cocaine base. Telephone records established that Jon Taylor and White communicated with each other ten times over a one-hour period prior to White's arrival at the apartment complex. Wilkins admitted that fifteen minutes before she was to testify at trial she told the prosecutor that White knew he was taking her to deliver cocaine base that day. To establish White's state of mind or intent, the Government presented evidence that White had previously been arrested for possession of cocaine base and that he had previously transported Taylor on at least one occasion to deliver cocaine base in the recent past. A rational jury could find that White shared

the criminal intent of Wilkins and Taylor, that he participated in the venture by transporting Wilkins to distribute the cocaine base, and therefore that White aided and abetted in the possession of cocaine base with intent to distribute. *See United States v. Pruneda–Gonzalez,* 953 F.2d 190, 193 (5th Cir.1992).

█ White argues that the district court abused its discretion in admitting the testimony of Doyle Ray Griffin and Officer Toby Julian concerning White's previous transport of Taylor to deliver cocaine base and his prior arrest for possession of cocaine base. The district court did not abuse its discretion in ruling that the testimony was probative to show intent, plan, knowledge, motive or absence of mistake under FED.R.EVID. 404(b) and that the probative value of the evidence outweighed the prejudicial effect. *See United States v. Jackson,* 339 F.3d 349, 354 (5th Cir. 2003). The district court's jury instruction, that the evidence could only be considered to determine whether White had the state of mind or intent necessary to commit the crime, was sufficient to minimize any prejudicial effect of the evidence. *See United States v. Walters,* 351 F.3d 159, 167 n. 5 (5th Cir.2003). Further, any error in admitting the evidence was harmless as Wilkins testified that White drove her to deliver the crack cocaine and that his payment was to be crack cocaine. *See Jackson,* 339 F.3d at 354.

█ White argues that the district court erred in giving the jury a deliberate ignorance instruction. Because the evidence raises the inference that White was aware of a high probability that he was involved

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in criminal activity and that he purposely contrived to avoid learning of the illegal conduct, the district court did not abuse its discretion in giving the deliberate ignorance instruction. *See United States v. Newell,* 315 F.3d 510, 528 (5th Cir.2002).

The district court's judgment cites 21 U.S.C. § 341, instead of 21 U.S.C. § 841. The judgment is corrected because of this clerical error. FED.R.CRIM.P. 36.

### AFFIRMED AS CORRECTED.